IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KENDALL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMUNICATIONS WORKS OF AMERICA (CWA) – DISTRICT 2 et al.,<br><br>    Defendants. | Civil Action No. 8:12-cv-00027-AW |

**MEMORANDUM OPINION**

Pro se Plaintiff Kendall Smith instituted the instant action on January 3, 2012. Smith's 25-Count Complaint sounds in labor and employment law. Smith sues the following Defendants: (1) Communications Workers of America (CWA) - District 2; (2) CWA Local 2336; (3) CWA AFL-CIO; (4) CLC;[1][2] (5) Verizon Washington DC Inc.; (6) Verizon Maryland Inc.; (7) Verizon Communications Inc.; (8) Reed Smith LLP;[3][4] (9) National Labor Relations Board MD & DC; (NLRB); (10) Equal Employment Opportunity Commission (EEOC); and (11) the Department of Labor (DOL). Pending before the Court are the following Motions: (1) the Union Defendants' Motion to Dismiss; (2) the Verizon Defendants' Motion to Dismiss; (3) the NLRB's Motion to Dismiss; (4) the DOL's Motion to Dismiss; (5) Plaintiff's Motion for Extension of Time; and (6) another Motion for Extension of Time by Plaintiff. The Court has reviewed the record and finds no hearing necessary. For the reasons articulated herein, the Court **GRANTS** the Union

---

[1] The Court refers to Defendants (1)-(4) as "the Union Defendants."
[2] Defendant (4), CLC, is evidently the same entity as Defendant (3), CWA AFL-CIO.
[3] Defendant Reed Smith serves as legal counsel for the Verizon Defendants.
[4] The Court refers to Defendants (5)-(8) as "the Verizon Defendants."

1

Defendants' Motion to Dismiss, **GRANTS** the Verizon Defendants' Motion to Dismiss, **GRANTS** the NLRB's Motion to Dismiss, **GRANTS** the DOL's Motion to Dismiss, **DENIES AS MOOT** Plaintiff's Motion for Extension of Time, and **DENIES AS MOOT** Plaintiff's additional Motion for Extension of Time.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The instant dispute traces to an employment relationship gone awry between Plaintiff and the Verizon Defendants. In late 1999 or early 2000, Plaintiff entered into a contract with the Union Defendants pursuant to which the Union Defendants agreed to represent Plaintiff in labor/employment disputes with the Verizon Defendants. On or around December 18, 2009, the Verizon Defendants terminated Plaintiff for an alleged violation of the company code of conduct. Plaintiff alleges that the Verizon Defendants fabricated the basis for his termination.

On January 4, 2010, according to Plaintiff, the Union Defendants and the Verizon Defendants "cancelled [a] grievance without notification to plaintiff." Doc. No. 1 ¶ 9. Plaintiff alleges that the grievance related to his "suspensions and termination." *Id.* ¶ 29. In June or July of 2010, the Union Defendants apparently decided not to pursue arbitration on behalf of Plaintiff. Plaintiff alleges that the Union Defendants pretended to support arbitration for him, knowing all along that they would not go through with it. Additionally, Plaintiff alleges that the Union Defendants failed to negotiate a buyout offered by "Dir. Sanders" after a 2009 grievance. *Id.* ¶ 65.

Plaintiff alleges that the Union Defendants held a prior grievance with the Verizon Defendants without his being present. During this or some other grievance, the Union Defendants pushed an allegedly unfavorable settlement offer. Furthermore, during this period, Plaintiff alleges that the Union Defendants were in contact with the Verizon Defendants and

consistently refused to provide him with documents concerning these communications. Plaintiff alleges that he "believes" the Union Defendants made a false statement about him in a Sep. 2010 letter from "Pres. Cohen" concerning the denial of arbitration.

Plaintiff's employment contract with the Verizon Defendants provided, inter alia, that Plaintiff could arbitrate employment disputes. Plaintiff alleges that the Verizon Defendants unlawfully discriminated against him in violation of his employment agreement. Plaintiff further alleges that the Verizon Defendants made false accusations about his performance. Additionally, in the 2008-2010 period, Plaintiff alleges that the Verizon Defendants colluded with the Union Defendants to deny him a valid arbitration.

Plaintiff alleges that Defendant NLRB colluded with the Verizon Defendants and the Union Defendants by failing to conduct a "valid investigation of unfair labor practices." *Id.* ¶ 100. Additionally, Plaintiff accuses the NLRB of "blatantly refus[ing]" to provide him with certain documents pursuant to one or more FOIA requests. *Id.* ¶ 104.

Similarly, Plaintiff alleges that Defendant DOL failed to adequately investigate and prosecute his allegations of unfair labor practices. Plaintiff also alleges that a representative of the DOL told him over the phone that the Verizon Defendants committed a FMLA violation "but cleaned it up after termination to avoid DOL investigation." *Id.* ¶ 157. In other words, Plaintiff alleges that the DOL colluded with the Verizon Defendants by notifying them of an impending FMLA violation so that the Verizon Defendants could somehow remedy it by approving Plaintiff's FMLA leave.

On January 3, 2012, Plaintiff filed his Complaint. Plaintiff filed an Amended Complaint a few weeks later. Doc. No. 4. The Amended Complaint serves as a supplement to the Complaint. In the Amended Complaint, Plaintiff adds Reed Smith LLP, counsel for the Verizon Defendants,

as a party to the case based on vague and conclusory allegations of conspiracy. Plaintiff also uses the Amended Complaint as a platform to assert claims for retaliation and wrongful discharge against the Verizon Defendants.

In early April 2012, the Union Defendants and Verizon Defendants moved to dismiss. Doc. Nos. 7–8. The NLRB and DOL moved to dismissed in, respectively, July and August of 2012. Doc. Nos. 25, 30.

Plaintiff has filed numerous motions to extend the time for responding to the Defendants' various Motions to Dismiss. The Court has previously resolved some of these motions, denying most of them. *See* Doc. Nos. 34, 40.

Two such motions are pending before the Court. One is Plaintiff's Motion for Extension of Time to Respond. Doc. No. 39. In this Motion, Plaintiff asks the Court to give him until October 19, 2012 to respond to unspecified motions. Second, on October 19, 2012, Plaintiff filed a Motion for Extension of Time to respond to NLRB's Motion to Dismiss, which the NLRB had filed some three months earlier. *See* Doc. No. 42. In this Motion, Plaintiff asks the Court to extend the time for responding to said Motion until October 23, 2012. Plaintiff has yet to respond to NLRB's Motion. Furthermore, these Motions are moot by their very terms.

By contrast, Plaintiff has filed responses to the Union Defendants,' the Verizon Defendants,' and the DOL's Motions to Dismiss. Plaintiff's responses in opposition are rambling documents that are hardly responsive to the arguments raised in Defendants' pending Motions.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss—12(b)(1)

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it

may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md. 2012) (internal quotation marks omitted) (quoting *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

**B.     Motion to Dismiss—12(b)(6)**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing,

the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**C.     Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal*

*v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

### III. LEGAL ANALYSIS

#### A. The Union Defendants' Motion to Dismiss

##### 1. Preemption

Plaintiff asserts the following claims against the Union Defendants: (1) breach of contract; (2) negligence; (3) fraud; (4) collusion; (5) misrepresentation; (6) fraudulent misrepresentation; (7) negligent misrepresentation; (8) unfair labor practices; and (9) breach of duty. These claims fall into two categories: (1) unfair labor practices; and (2) state law tort.

Plaintiff's state law tort claims (Counts 2-7) fail as a matter of law due to preemption. Plaintiff predicates these claims on the same sparse factual allegations on which he predicates his breach of contract and unfair labor practices claims. In sum, Plaintiff alleges that the Union Defendants did not arbitrate and mediate his grievances properly in contravention of his agreement with them. The Supreme Court has held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [federal] claim . . . or dismissed as preempted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985) (citations omitted). Accordingly, as the Court addresses Plaintiff's federal labor law claims below, the Court dismisses Counts (2)-(7) on preemption grounds.

*2.     Breach of Contract/Duty of Fair Representation*

Plaintiff's breach of contract/duty of fair representation claim fails as a matter of law. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (citations omitted). Accordingly, "allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation . . . ." *Lusk v. E. Prods. Corp.*, 427 F.2d 705, 708 (4th Cir. 1970) (citations omitted).

In this case, Plaintiff conclusorily contends that the Union Defendants unlawfully failed to arbitrate and negotiate his grievances. Despite its impressive length, the Complaint is devoid of specific factual matter relating to the Union Defendants' allegedly unlawful conduct. Therefore, notwithstanding Plaintiff's pro se status and the special policy considerations of the labor context, the Court dismisses Plaintiff's breach of contract/duty of fair representation claims.

Furthermore, these claims would be time-barred even had Plaintiff properly plead them. "The Supreme Court has made clear that the six-month statute of limitations provided in section 10(b) of the NLRA, 29 U.S.C. § 160(b), applies to any hybrid section 301 action involving claims of an union's unfair representation and an employer's breach of a collective bargaining agreement." *Int'l Longshoremen's Ass'n, AFL-CIO v. Cataneo Inc.*, 990 F.2d 794, 799 (4th Cir. 1993) (internal quotation marks omitted) (citing *DelCostello v. Int'l Broth. of Team.*, 462 U.S. 151, 172 (1983)). Here, Plaintiff has sued his employer (i.e., the Verizon Defendants) and the Union Defendants in an action involving claims against the Union Defendants for unfair

representation and the Verizon Defendants for breach of contract. Thus, § 160(b)'s six-month statute of limitations applies.

In this case, Plaintiff alleges that the NLRB concluded its investigation of the alleged unfair labor practices in 2011. The record reflects that the NLRB fully resolved Plaintiff's unfair labor practice charges no later than May 12, 2011. Doc. No. 25-10.[5] Therefore, Plaintiff would have had to have commenced the instant action no later than November 12, 2011. However, Plaintiff did not file suit until January 3, 2012. Consequently, Plaintiff's unfair labor practices claims are time-barred.[6]

The preceding analysis demonstrates that (1) Plaintiff's state law tort claims are preempted; (2) Plaintiff's breach of contract/unfair labor practices claims are not cognizable; and (3) Plaintiff's breach of contract/unfair labor practices claims are time-barred. For these reasons, the Court dismisses, with prejudice, Plaintiff's claims against the Union Defendants.

**B.     The Verizon Defendants' Motion to Dismiss**

Plaintiff asserts the following claims against the Verizon Defendants: (1) breach of contract; (2) unfair labor practices; (3) collusion; (4) breach of duty; (5) conspiracy; (6) wrongful discharge; (7) retaliatory discharge; and (8) constructive discharge. These claims fail as a matter of law on several grounds.

---

[5] Although this document is outside of the Complaint, it is appropriate for the Court to rely on it. The document is an attachment to the NLRB's Motion to Dismiss, which it filed on July 18, 2012. Therefore, Plaintiff has been on notice that the Court could use this document against him. Furthermore, it was fair and reasonable for the Court to rely on the document because it serves simply to establish a procedural fact and because the record does not reflect that discovery would reveal evidence that would contradict this fact.

[6] Assuming the claims were otherwise actionable, they would fail under the pleading standards enunciated in *Twombly* and *Iqbal*.

*1.     Res Judicata*

"Res judicata or claim preclusion bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). "For res judicata to prevent a party from raising a claim, three elements must be present: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.* (citation and internal quotation marks omitted). "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit." *Id.* (citation omitted). "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (citation and internal quotation marks omitted).

In this case, the elements of claim preclusion are satisfied. As to element (1), Judge Messitte issued a final judgment on the merits in a prior case. *Smith v. Commc'ns Workers of Am. et al.*, 8:09-cv-00358-PJM (D. Md. 2009), Doc. Nos. 26–27. Concerning element (2), Plaintiff was also the plaintiff in the action that Judge Messitte dismissed. Regarding element (3), Plaintiff's claims in this case arise out of the same series of transactions as the claims that Judge Messitte's judgment resolved. Indeed, both the allegations and the parties in the two actions are basically the same. In the 2009 action, Plaintiff alleged that the Union Defendants violated his legal rights by "stalling grievances and cancelling arbitration" and by accepting a detrimental settlement offer. Doc. No. 9-4. Plaintiff also alleged that the Verizon Defendants engaged in

unfair labor practices that included fabrications about him. As in this case, Plaintiff further alleged that the NLRB failed to properly investigate his charges against the Union Defendants. Accordingly, the doctrine of res judicata bars Plaintiff's claims.

*2.     Claim-Splitting*

Plaintiff's institution of the instant action also constitutes improper claim-splitting (i.e., duplication). The doctrine of duplication is related to the doctrine of res judicata. The doctrine of duplication dictates that courts "assess whether the second suit raises issues that should have been brought in the first." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (citation omitted). As a general matter, the second suit duplicates the first where it (1) arises out of the same operative facts and (2) the interests of judicial economy and avoiding vexatious litigation outweigh the plaintiff's interest in bringing the second suit. *Cf. id.* & n.4.

In this case, Plaintiff has asserted claims against the Verizon Defendants arising out of his employment relationship with them that he bases largely on their alleged fabrication of the basis for his termination. A lawsuit is pending before Judge Messitte in which Plaintiff has sued the Verizon Defendants. *Smith v. Verizon Wash., DC Inc. et al.*, 8:11-cv-01301-PJM (D. Md. 2011). Although Plaintiff asserts primarily employment discrimination claims in the case before Judge Messitte, Plaintiff bases his claims on the same core allegations as in this case. Therefore, both cases arise out of the same operative facts.

Thus, the dispositive question is whether the Verizon Defendants' interest in avoiding vexatious and/or duplicative litigation outweighs Plaintiff's interest in bringing the second suit. The Court answers this question in the affirmative. As the Verizon Defendants carefully set forth in their Motion to Dismiss, Plaintiff "has a long and tortured history of bringing lawsuits in this Court premised upon the very same (or substantially similar) allegations." Doc. No. 9 at 4; *see*

*also id.* at 4–7. Furthermore, as this Memorandum Opinion shows, the present case is essentially meritless. Therefore, the Verizon Defendants' interest in avoiding vexatious litigation grossly outweighs whatever interest Plaintiff had in filing this suit. Therefore, the Court dismisses Plaintiff's claims against the Verizon Defendants as an improper claim-split.

        *3.*      *Other Arguments*

The Verizon Defendants make several other arguments in support of their Motion to Dismiss. The Court need not address these arguments in detail because the prior analysis disposes of all of Plaintiff's claims against the Verizon Defendants. For good measure, the Court notes that several of Plaintiff's claims (e.g., breach of contract, unfair representation, breach of duty) are time-barred for the reasons stated in Part III.A.2. Additionally, Plaintiff's claims are either preempted by federal labor law, facially implausible, or both. Accordingly, for the foregoing reasons, the Court dismisses Plaintiff's claims against the Verizon Defendants with prejudice.

**C.**    **The NLRB's Motion to Dismiss**

Plaintiff files various claims against the NLRB based on its alleged failure to properly investigate and prosecute his charges of unfair labor practices and its alleged failure to comply with his FOIA requests. These claims fail as a matter of law.

        *1.*      *Failure to Investigate/Prosecute*

Federal courts lack jurisdiction to review the prosecutorial decisions of General Counsel of the NLRB where "the decision is fundamentally prosecutorial based essentially upon a determination that the available evidence will not support prosecution of the alleged violation." *George Banta Co., Inc. v. NLRB*, 626 F.2d 354, 356–57 (4th Cir. 1980). Here, Plaintiff vaguely alleges that General Counsel failed to properly investigate and prosecute his charge. However,

the record evidence indicates that General Counsel reviewed Plaintiff's charges, considered the evidence, and made a determination to dismiss his charges. *See* Doc. Nos. 25-6, -7, -8, -10. Consequently, the Court lacks jurisdiction over Plaintiff's claims against the NLRB for allegedly failing to properly investigate and prosecute his charges.

### 2. *FOIA Requests*

Plaintiff has failed to state a cognizable FOIA claim. "The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). "Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Id.* (citation and internal quotation marks omitted).

Generally, FOIA requires covered agencies to make records available upon request only if the request is made in accordance with the applicable statutory and regulatory requirements regarding disclosure. *See* 5 U.S.C. § 552(a)(3)(A) (stating that agencies shall make records available to the requester where, inter alia, the request "is made in accordance with publish rules stating . . . procedures to be followed"). Pursuantly, the NLRB has published regulations prescribing procedures for making FOIA requests. *See* 29 C.F.R. § 102.117. These regulations require that the request be made in writing. *Id.* § 102.117(c)(1). The regulations further require the request to "contain a specific statement assuming financial liability . . . for the direct costs of responding to the request." *Id.*

In this case, the NLRB argues, and Plaintiff does not dispute, that Plaintiff failed to provide written assurances that he would assume financial responsibility in accordance with the applicable regulations. Here, the NLRB twice notified Plaintiff in writing that his requests did

not include an assumption of financial liability. Doc. Nos. 25-12, -14.[7] Thus, as Plaintiff failed to make his request in accordance with the applicable procedures, FOIA did not require the NLRB to make the requested documents available to him.

Moreover, plaintiff seeks monetary damages "in excess of $1,000,000" based on the NLRB's alleged failure to comply with his FOIA requests. Monetary damages, however, are not available under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *see also Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citing cases). Accordingly, the Court dismisses Plaintiff's FOIA claim with prejudice.

**D.      The DOL's Motion to Dismiss**

Obscurely, Plaintiff alleges that the DOL colluded with the Verizon Defendants by notifying them of an impending FMLA violation so that the Verizon Defendants could somehow remedy it by approving Plaintiff's FMLA leave. Plaintiff further alleges that the DOL failed to conduct a full investigation of the Verizon Defendants' alleged FMLA violation. Based on these vague allegations, Plaintiff asserts claims against the DOL for breach of contract, breach of duty, collusion, and conspiracy.

Plaintiff's claims against the DOL fail for a variety of reasons. As the FMLA is silent concerning judicial review of the investigations it mandates, Plaintiff must bring his claims against the DOL under the APA. However, the APA's presumption of review of final agency action does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). It is well-established that "an agency's decision not to take enforcement action

---

[7] Although these documents are outside the Complaint, the Court's reliance on them does not unfairly prejudice Plaintiff. The NLRB attached these documents to its Motion to Dismiss, thereby giving Plaintiff notice that the Court could rely on them. Furthermore, the Court is using the documents to establish procedural facts that no amount of discovery would enable Plaintiff to rebut.  Moreover, Plaintiff has not moved for early discovery based on the idea that he cannot adequately respond to these documents absent discovery. Finally, Plaintiff's FOIA claim fails on an alternative ground. Therefore, even had the Court not relied on these documents, Plaintiff's FOIA claim still would have failed.

should be presumed immune from judicial review under § 701(a)(2)." *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985). Plaintiff's vague and meandering allegations give the Court no good reason to depart from this well-settled rule. Moreover, assuming arguendo APA review were proper, the record does not reflect that the DOL's alleged failure to investigate was arbitrary, capricious, or otherwise not accordance with the law. *See* Doc. No. 30-2.

Smith's purported state law tort claims also fail as a matter of law. Plaintiff appears to argue that the Court has jurisdiction over these claims by virtue of the Federal Tort Claims Act. However, plaintiffs may not sue the DOL *eo nomine* under the FTCA. *See* FDIC v. *Meyer*, 510 U.S. 471, 476 (1994); *see also Strong v. Dyar*, 573 F. Supp. 2d 880, 884–85 (D. Md. 2008) (citations and internal quotation marks omitted) ("Since the FTCA only waives sovereign immunity for suits brought against the United States, 28 U.S.C. § 2674, suits brought against a federal agency *eo nomine* or against a federal employee individually are dismissible for lack of jurisdiction.") Furthermore, Plaintiff does not allege, and the record does not reflect, that Plaintiff exhausted administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a). Moreover, assuming arguendo Plaintiff's claims were otherwise actionable, Plaintiff failed to plead them sufficiently. For these reasons, the Court dismisses Plaintiff's claims against the DOL with prejudice.

**E.     Other**

Two motions to extend the time for responding to various documents are outstanding. As explained above, these motions are moot. Also, Defendant EEOC has answered. However, the EEOC has yet to move to dismiss. Therefore, the Court will issue a scheduling order.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Union Defendants' Motion to Dismiss, **GRANTS** the Verizon Defendants' Motion to Dismiss, **GRANTS** the NLRB's Motion to Dismiss, **GRANTS** the DOL's Motion to Dismiss, **DENIES AS MOOT** Plaintiff's Motion for Extension of Time, and **DENIES AS MOOT** Plaintiff's additional Motion for Extension of Time. A separate Order follows.

| November 30, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |