**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| KENDALL SMITH,<br><br>      Plaintiff,<br><br>            v.<br><br>COMMUNICATIONS WORKS OF<br>AMERICA (CWA) – DISTRICT 2 et al.,<br><br>      Defendants. | Civil Action No. 8:12-cv-00027-AW |

**<u>MEMORANDUM OPINION</u>**

Pro se Plaintiff Kendall Smith instituted the instant action on January 3, 2012. Smith's 25-Count Complaint sounds in labor and employment law. Smith sues the following Defendants: (1) Communications Workers of America (CWA) - District 2; (2) CWA Local 2336; (3) CWA AFL-CIO; (4) CLC;[1] [2] (5) Verizon Washington DC Inc.; (6) Verizon Maryland Inc.; (7) Verizon Communications Inc.; (8) Reed Smith LLP;[3] [4] (9) National Labor Relations Board MD & DC; (NLRB); (10) Equal Employment Opportunity Commission (EEOC); and (11) the Department of Labor (DOL). Pending before the Court is the Defendant EEOC's Motion to Dismiss. The Court has reviewed the record and finds no hearing necessary. For the reasons articulated herein, the Court **GRANTS** the EEOC's Motion to Dismiss.

---

[1] The Court refers to Defendants (1)-(4) as "the Union Defendants."
[2] Defendant (4), CLC, is evidently the same entity as Defendant (3), CWA AFL-CIO.
[3] Defendant Reed Smith serves as legal counsel for the Verizon Defendants.
[4] The Court refers to Defendants (5)-(8) as "the Verizon Defendants."

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The instant dispute traces to an employment relationship gone awry between Plaintiff and the Verizon Defendants. In 1999, Plaintiff started working for the Verizon Defendants in maintenance. On November 8, 2008, the Verizon Defendants suspended Plaintiff without pay for twenty days. The Verizon Defendants suspended Plaintiff again on November 10, 2009. On December 18, 2009, the Verizon Defendants terminated Plaintiff for an alleged violation of the company code of conduct.

On November 20, 2008, Plaintiff filed an administrative charge of employment discrimination with the EEOC. Plaintiff amended his charge on November 19, 2009 to include additional allegations of retaliation and harassment.

On February 15, 2011, the EEOC issued Plaintiff a "Dismissal and Notice of Rights," thereby terminating its processing of Plaintiff's charge. The dismissal states that the EEOC dismissed Plaintiff's charge because it could not conclude that the information it obtained through its investigation violated the applicable statutes.

On November 1, 2012, Plaintiff filed his Complaint. Doc. No. 1. In his Complaint, Plaintiff asserts the following claims against the EEOC: collusion, violation of the FOIA, breach of contract, and breach of duty. To support these claims, Plaintiff alleges that the EEOC failed to conduct a proper investigation of his charge. For instance, Plaintiff alleges that the EEOC failed to properly investigate his allegation that someone called him the N word, failed to offer mediation and perfunctorily negotiated on his behalf, and neglected to process his ADA charge. Plaintiff also asserts that the EEOC took too long to process and investigate his charge, which further evinces its failure to properly investigate his claims. Additionally, Plaintiff alleges that

the EEOC violated FOIA by not providing him with all the documentation that he requested pursuant to his FOIA request.

On December 3, 2012, the Court issued an Opinion and Order dismissing Plaintiff's claims as to all the other Defendants. The Court noted in its Opinion that, although it had answered, the EEOC had yet to move to dismiss.

On the same day, the EEOC filed its Motion to Dismiss. Doc. No. 53. A Rule 12/56 letter was issued the same day and Plaintiff has responded to the EEOC's Motion to Dismiss.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss—12(b)(1)

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md. 2012) (internal quotation marks omitted) (quoting *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

**B.      Motion to Dismiss—12(b)(6)**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**C.      Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III.   LEGAL ANALYSIS

### A.   Sovereign Immunity

The EEOC argues that, as an agency of the United States, Plaintiff must show that the United States has waived its sovereign immunity and consented to the suit. *See FDIC v. Meyer*,

510 U.S. 471, 475 (1994). Plaintiff has identified no such authority, and the Court is aware of none. Although Plaintiff might try to sue the EEOC under the APA, as the Court noted in its prior Opinion, the APA's presumption of review of final agency action does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). It is well-established that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)." *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985). Moreover, the EEOC's determination of a charge is not final agency action and, therefore, is not reviewable under the APA. *See Georator Corp. v. EEOC*, 592 F.2d 765, 767–68 (4th Cir. 1979). Assuming arguendo APA review were proper, the record does not reflect that the EEOC's alleged failure to investigate was arbitrary, capricious, or otherwise not accordance with the law. *See* Doc. No. 53-4.

Nor could Plaintiff use the Federal Tort Claims Act as a basis for jurisdiction as plaintiffs may not sue federal agencies *eo nomine* under the FTCA. *See Meyer*, 510 U.S. at 476; *see also Strong v. Dyar*, 573 F. Supp. 2d 880, 884–85 (D. Md. 2008) (citations and internal quotation marks omitted) ("Since the FTCA only waives sovereign immunity for suits brought against the United States, 28 U.S.C. § 2674, suits brought against a federal agency *eo nomine* or against a federal employee individually are dismissible for lack of jurisdiction.") Additionally, Plaintiff does not allege, and the record does not reflect, that Plaintiff exhausted administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a). Accordingly, sovereign immunity bars Plaintiff's claims against the EEOC.

B.      **FOIA**

Plaintiff alleges that the EEOC improperly withheld documents from him pursuant to FOIA. Plaintiff does not seek injunctive relief based on this alleged failure. Rather, he seeks damages in excess of one million dollars.

Plaintiff's prayer for damages is fatal to his FOIA claim. As the Court noted in its prior Opinion, monetary damages are not available under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *see also Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citing cases).

Furthermore, Plaintiff's FOIA claim would fail even if the Court construed it as one for injunctive relief. The record reflects that the EEOC complied with Plaintiff's request to release a copy of his charge file, making only mild redactions for deliberative process information. *Compare* Doc. No. 53-4, *with* 5 U.S.C. § 552(b)(5) (exempting "inter-agency or intra-agency memorandums or letters which would not be available by law to a party").

C.      **Failure to State a Claim**

For good measure, the Court notes that Plaintiff has otherwise failed to state cognizable claims against the EEOC. Plaintiff's claims are vague, meandering, and conclusory, and fail to create a plausible inference that the EEOC has violated his legal rights.

IV.     **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the EEOC's Motion to Dismiss and dismisses Plaintiff's claims with prejudice.

| December 26, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |